# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Case No. 4:05-cr-00076(1) |
| § | Judge Mazzant |
| VICETH RATH § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Compassionate Release (Dkt. #312). The Court, having considered the Motion, the response, the record, and the applicable law, finds that the motion should be **DENIED without prejudice.**

### BACKGROUND

On October 25, 2006, Defendant Viceth Rath ("Rath") pleaded guilty to: (1) conspiracy to manufacture, distribute, or possess with intent to manufacture, distribute or dispense methamphetamine, 3,4 MDMA, a violation of 21 U.S.C.§ 846; and (2) use or carry or possession of a firearm during, in relation to, and in furtherance of a drug-trafficking crime, a violation of 18 U.S.C. § 924(c)(1). Rath's role in the conspiracy involved delivering methamphetamine and MDMA for sale. Rath was also knowingly in possession of a Smith & Wesson Model SW4OVE, a .40 caliber semi-automatic handgun, Serial Number PBL8119, while in possession with the intent to distribute. The Court sentenced Rath to 302 months imprisonment. Rath is serving his sentence at USP Atlanta. *See* https://www.bop.gov/inmateloc/ (Register Number: 12157-078). The Bureau of Prisons ("BOP") projects he will be released by December 9, 2026. *Id*.

In 2020, Rath filed a motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. #307). However, the Court denied Rath's motion because he failed to exhaust his administrative remedies as required by § 3582(c)(1)(A) (Dkt. #308). Then, in 2021,

Rath urged the Court to reconsider its denial of Rath's motion, arguing that the changed law on "stacking" provisions constituted an "extraordinary and compelling reason[]" to grant a sentence reduction (Dkt. #310).  The Court denied the motion because Rath was only sentenced under a single § 924(c) offense, not multiple offenses stacked under § 924(c) (Dkt. #311).

On March 10, 2022, Rath filed his pending motion for compassionate release and argues his sentence should be reduced on two new grounds: (1) the law has changed with regards to how the Sentencing Guidelines define "crimes of violence" for purposes of the career-offender enhancement in U.S.S.G. § 4B1 and (2) his record of rehabilitation supports granting his motion (Dkt. #312).

## LEGAL STANDARD

### I.   18 U.S.C. § 3582(c)(1)(A)

A judgment of conviction imposing a sentence of imprisonment "'constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)); *see also* 18 U.S.C. § 3582(c). One such circumstance arises from 18 U.S.C. § 3582(c)(1)(A)(i), commonly referred to as compassionate release.

Section 3582(c) was enacted as part of the Sentencing Reform Act of 1984.  Under the first iteration of the relevant provision, district courts were authorized to grant sentence reductions on the motion of the Director of the Bureau of Prisons ("BOP") if the BOP could establish the following conditions: (1) extraordinary and compelling reasons warranted a sentence reduction; (2) a reduction would be consistent with the applicable policy statements of the Sentencing Commission; and (3) a sentence reduction was warranted after consideration of the sentencing factors in 18 U.S.C. § 3553(a).  *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). Notably, Congress did not define "extraordinary and compelling reasons" or otherwise indicate

how that phrase should be interpreted other than to specify that rehabilitation alone did not qualify. *Id.* (quoting 28 U.S.C. § 994(t)). Instead, Congress delegated that authority to the Sentencing Commission, directing it to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).

The Sentencing Commission eventually followed Congress's direction to define "extraordinary and compelling reasons" and promulgated United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13. In application note 1 to § 1B1.13, the Sentencing Commission described what circumstances constitute "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A)(i). U.S.S.G. § 1B1.13 cmt. n.1. The Sentencing Commission essentially created four categories of "extraordinary and compelling reasons," which can broadly be characterized as: (1) circumstances arising from certain medical conditions; (2) circumstances arising from the age of the defendant;[1] (3) issues arising from the defendant's family circumstances;[2] and (4) other reasons that the BOP agrees are extraordinary and compelling in a specific case. *Id.* And because § 3582(c)(1)(A) requires that any sentence reduction be consistent with the Sentencing Commission's policy statements issued pursuant to § 994(t), the policy statements contained in § 1B1.13 were binding on district courts considering § 3582(c)(1)(A)(i) motions. *See United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011) (holding that the Sentencing Commission's policy statements issued pursuant to 28 U.S.C. § 994 are binding on district courts when

---

[1] Specifically, a defendant, who is at least 65 years old, who "is experiencing a serious deterioration in physical or mental health because of the aging process" and also "has served at least 10 years or 75 percent of his or her term of imprisonment" may meet the requirement that "extraordinary and compelling reasons" exist. U.S.S.G. § 1B1.13, n.1(B).

[2] Such family circumstances exist where: (1) a defendant has minor children whose caregiver dies or becomes incapacitated; or (2) "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, n.1(C).

considering motions brought under 18 U.S.C. § 3582(c)).

In 2018, Congress amended § 3582(c)(1)(A) with the passage of the First Step Act. The amendment provided that, in cases where the BOP does not file a compassionate-release motion on the prisoner's behalf, the prisoner may personally file a motion for compassionate release. *Shkambi*, 993 F.3d at 391–92. This was the First Step Act's only change to the compassionate-release framework. *Id.* at 391. Thus, while prisoners, in addition to the BOP, may now file motions for compassionate release, § 3582(c)(1)(A)(i)'s substantive requirements that govern a prisoner's entitlement to release remain the same. *See id*. at 392 ("But the [First Step Act] left undisturbed the other three § 3582 requirements.").

Following the First Step Act's expansion of who may file a motion under § 3582(c)(1)(A), courts were confronted with the question of whether the Sentencing Commission's definition of "extraordinary and compelling reasons," which was promulgated prior to the First Step Act when such motions could only be filed by the BOP, remained binding on district courts when considering compassionate-release motions. The Fifth Circuit addressed this question in *Shkambi*, holding that, while U.S.S.G. § 1B1.13 is a policy statement applicable to § 3582(c)(1)(A) motions filed by the BOP, it is inapplicable to § 3582(c)(1)(A) motions filed by prisoners. 993 F.3d at 392.[3] Accordingly, while U.S.S.G. § 1B1.13 dictates the meaning of "extraordinary and compelling reasons" when a § 3582(c)(1)(A) motion is filed by the BOP on a prisoner's behalf, it does not do so when, as here, a § 3582(c)(1)(A) motion is filed by a prisoner himself. *See id.* ("[T]he policy statement continues to govern where it says it governs—on the motion of the Director of the

---

[3] Several other circuits have similarly concluded that U.S.S.G. § 1B1.13 is inapplicable to such compassionate-release motions filed by prisoners. *See, e.g., United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020). *But see United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) (holding that U.S.S.G. § 1B1.13 is an applicable, binding policy statement for all § 3582(c)(1)(A) motions).

[BOP]. But it does not govern here—on the newly authorized motion of a prisoner." (internal quotations omitted)). Therefore, when a prisoner files a compassionate-release motion, courts must determine what constitutes an "extraordinary and compelling reason" under § 3582(c)(1)(A)(i).

## II.  Extraordinary and Compelling Reasons

Though the Court is not bound by the Sentencing Commission's policy statement in U.S.S.G § 1B1.13 and its accompanying application notes when considering compassionate-release motions filed by prisoners, the policy statement is not wholly irrelevant. Courts should still look to the policy statement for guidance in determining what constitutes "extraordinary and compelling reasons" for a sentence reduction when a prisoner files a compassionate-release motion. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to the [U.S.S.G.] § 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *see also, e.g., United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused."). Using the policy statement as guidance when considering prisoner-filed compassionate-release motions is warranted for several reasons.

First, whether a compassionate-release motion is filed by the BOP or a defendant, the statutory standard governing the motion is the same. Section 3582(c)(1)(A) provides that its requirements for obtaining a sentence reduction apply "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." 18 U.S.C. § 3582(c)(1)(A). And as noted above, the First Step Act did not change § 3582(c)(1)(A)'s substantive requirements. Thus, a policy

statement defining "extraordinary and compelling reasons" in the context of BOP-filed motions necessarily informs what "extraordinary and compelling" means in the context of defendant-filed motions because the same standard governs both motions.  In other words, § 3582(c)(1)(A)(i)'s "extraordinary and compelling reasons" phrase does not implicate shifting substantive meanings depending on who invokes the statute.

Congress's application of a single standard to govern § 3582(c)(1)(A) motions—whether filed by the BOP or by defendants—is also evident in § 3582(c)(1)(A)'s exhaustion requirement. Before a prisoner can file a compassionate-release motion, he must first present his case to the BOP and request that the BOP file the motion on his behalf.  *See* 18 U.S.C. § 3582(c)(1)(A). Fulfilling this exhaustion requirement would be a nonsensical exercise if the standard governing the defendant's entitlement to release varied significantly depending on whether the BOP grants the defendant's request.  Defendants would request compassionate release based on the interpretation of "extraordinary and compelling reasons" applicable to their motions while the BOP would evaluate such requests based on the interpretation applicable to its motions.  The fact that defendants must first ask the BOP to file their compassionate-release motions before doing it themselves indicates that Congress intended no significant substantive distinction between BOP-filed and defendant-filed motions under § 3582(c)(1)(A).

Indeed, § 1B1.13 does not become useless as guidance for defendant-filed compassionate-release motions simply because its terms state that it applies to motions brought by the Director of the BOP. Rather, § 1B1.13 and its accompanying application notes "provide a working definition of 'extraordinary and compelling reasons'" because the standard applies equally to BOP motions and prisoner motions. *Gunn*, 980 F.3d at 1180.  When the Sentencing Commission promulgated § 1B1.13, its intent was not to specify a unique standard for BOP motions but rather to define

"extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A).

Further, 28 U.S.C. § 994(t) does not direct the Sentencing Commission to adopt standards governing prisoner motions and standards governing BOP motions. Rather, § 994(t) directs the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). And as the Sentencing Commission itself has explained, U.S.S.G. § 1B1.13 and its application notes constitute the Commission's implementation of § 994(t)'s directive. *See* U.S.S.G. § 1B1.13 cmt. background ("This policy statement implements 28 U.S.C. § 994(a)(2) and (t)."). Because § 3582(c)(1)(A) governs BOP motions and prisoner motions alike, the Sentencing Commission's definition of § 3582(c)(1)(A)'s terms is instructive when considering a prisoner's motion brought under § 3582(c)(1)(A)(i).

For these reasons, the Court concludes that the "extraordinary and compelling reasons" applicable to defendant-filed motions are generally those that are similar in kind and scope to those listed in U.S.S.G. § 1B1.13's application notes. To be clear, the "extraordinary and compelling reasons" contained in the Sentencing Commission's policy statement are neither exhaustive nor binding on the Court. *Shkambi*, 993 F.3d at 392. But, in any event, the Court's analysis of whether Defendant has presented "extraordinary and compelling reasons" warranting the sentence reduction he seeks will be significantly guided—though not strictly bound—by the Sentencing Commission's description in U.S.S.G. § 1B1.13 and the accompanying application notes.

### III. 18 U.S.C. § 3553(a) Factors

Even if extraordinary and compelling reasons exist, they must outweigh the 18 U.S.C. § 3553(a) factors to warrant sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). These factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and sentencing range [provided for in the U.S.S.G.] . . .

(5) any pertinent [Sentencing Commission] policy statement . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

*Id.* § 3553(a).

## ANALYSIS

After being denied a sentence reduction twice before, Rath moves for compassionate release based on two new grounds: changes in the law and his record of rehabilitation. The Government has not responded. Because Rath has not demonstrated that he has exhausted his administrative remedies under § 3582(c)(1)(A), the Court must deny Rath's motion at this time.

**I.   Rath Has Not Met § 3582(c)(1)(A)'s Exhaustion Requirement**

Rath's compassionate release motion may only be considered if he first meets § 3582(c)(1)(A)'s exhaustion requirement. Courts may not consider a modification to a defendant's sentence under § 3582(c)(1)(A)(i) unless a motion for such a modification is properly made by the Director of the BOP or by a defendant who has fully exhausted their administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Fully exhausting administrative remedies requires a denial

by the warden of a defendant's facility or waiting thirty days without receiving a response to a request, whichever is earlier.[4] *Id.* Importantly, § 3582(c)(1)(A)'s exhaustion requirement is not waivable. *See United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) ("Because the statutory language is mandatory—that a prisoner must exhaust their BOP remedy before filing in district court—we must enforce this procedural rule . . .").  If a defendant has not sought relief from the BOP, or has not waited thirty days since seeking relief, the Court may not consider his motion.

      This requirement is fatal to Rath's present motion.  In his pending motion, Rath has presented no evidence, let alone stated in his motion, that he filed a request with the warden of his facility regarding his two new arguments for compassionate release.  Thus, the Court lacks the jurisdiction to consider his present motion.  To be sure, Rath has filed previous motions for his compassionate release before and even met the requirement to exhaust his administrative remedies for one of those motions.  *See* (Dkt. #311).  But, when Rath pursues a new, independent ground for his compassionate release, he has to exhaust his administrative remedies before the Court considers the new motion.  *Rivas*, 833 F. App'x at 558; *United States v. Cantu*, No. 7:17-CR-01046-2, 2022 WL 90853, at *1 (S.D. Tex. Jan. 5, 2022) ("[T]he exhaustion requirement applies to new arguments or grounds for compassionate release developed after an earlier request for compassionate release.") (citing *Rivas*, 883 F. App'x at 558).  This Rath has not done.  Accordingly, the Court must deny his motion at this time.

---

[4] BOP regulations define "warden" to include "the chief executive officer of . . . any federal penal or correctional institution or facility." 28 C.F.R. § 500.1(a); *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020); *c.f. United States v. Campagna*, 16 Cr. 78-01 (LGS), 2020 WL 1489829, at *3 (S.D.N.Y. Mar. 27, 2020) (holding that "the denial of Defendant's request by the Residential Re-entry Manager suffices to exhaust his administrative rights").

*   *   *

Under the rule of finality, federal courts may not "modify a term of imprisonment once it has been imposed" unless one of a few "narrow exceptions" applies. *Freeman v. United States*, 564 U.S. 522, 526 (2011) (citing 18 U.S.C. § 3582(c)) (plurality op.); *see also Dillon*, 560 U.S. at 819 (same). Compassionate release is one of those exceptions, but a defendant must conform both to the procedural and substantive requirements of § 3582(c)(1)(A) for a court to modify a sentence. Because Rath has not met the controlling requirements for compassionate release set forth in § 3582(c)(1)(A)(i), his motion must be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Compassionate Release (Dkt. #312) is hereby **DENIED without prejudice.**

**IT IS SO ORDERED.**

**SIGNED this 26th day of January, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE